* B. B. REDDING, APPELLANT, *v.* SAMUEL          [333]
BELL, COMPTROLLER, RESPONDENT.

[1] APPROPRIATION, STATUTE CONSTRUED.—The Act of May 1st, 1854, which creates the
office of State Printer, and requires the Comptroller to draw his warrants on
the Treasurer for such sums as may be due the State Printer, is not a specific
appropriation.

MANDAMUS, COMPLAINT IN ACTION.—A complaint in *mandamus* against the Comp-
troller is bad, if it fails to allege that there is "money not otherwise appropriated
by law," out of which the compensation in question is to be paid.

APPEAL from the ——————— Judicial District.

*Edwards & English,* for Appellants.

Cited *Isham* v. *Bennington Iron Co.,* 19 Vt. 249; *Merlot* v.
*Lawrence,* 1 Blatchf. C. C. R. 612; *Ham et al.* v. *State,* 7
Blackf. 315; *U. S.* v. *Warner et al.* 4 McLean, 468; *Payne*
v. *Comer et al.* 3 Bibb, 181.

*Lee & Whitman,* for Respondent.

Cited *Bowen* v. *Lease,* 5 Hill, 225; *Taylor* v. *Delany,* 2
Caine's Ca. 150; case of *Yates,* 4 Johns. 358; *Howard* v.
*Thompson,* 21 Wend. 319; Article 4, § 23 State Constitution.

Mr. J. HEYDENFELDT delivered the opinion of the Court.

The Act of 13th of April, 1854, amendatory of the general
law Regulating the Office of State Comptroller, declares
that "no warrant shall be drawn on the Treasury, except
there be an unexhausted specific appropriation by law, to
meet the same."

It is urged by the appellant that as the Act of May 1st,
1854, to create the office of State Printer, requires the Comp-
troller to draw his warrants on the Treasurer for such sums
as may be due the State Printer, it takes the case out
of the provision of the general law; that it is in effect a

[334]   specific appropria- *tion.   This cannot be, because no fund is appropriated; there is no named amount which is capable of being exhausted.   The two Acts are not in conflict, and can be easily reconciled.   The State Printer Act required the warrants to be drawn, but this was in contemplation that there would be a specific appropriation, according to the settled financial system adopted by the Legislature, and without which, the requirement must be in abeyance.

Another fatal objection to the appellant's case is his failure to allege that there is any "moneys not otherwise appropriated by law," out of which the compensation in question is directed to be paid.

The judgment must be affirmed.

Mr. Ch. J. MURRAY concurred as follows:

I concur upon the last ground expressed in the opinion.

Mr. Justice WELLS dissented, as follows:

With due respect to my associates, and upon full consideration of the law applicable to the case, I must dissent from this decision