[No. 11049. In Bank.—December 18, 1885.]

GEORGE W. SMITH, Appellant, *v.* FLEET F. STROTHER, Auditor of the City and County of San Francisco, Respondent.

Constitutional Law — Salary of Superior Court Reporters — Act of March 21, 1885. — The act of March 21, 1885, amending section 274 of the Code of Civil Procedure, in so far as it provides that the salaries of the official reporters of the Superior Court shall be fixed by the judges, by an order duly entered on the minutes of the court, and paid out of the treasury of the respective counties, in the same manner and at the same time as the salaries of county officers, is in conflict with article 3 of the constitution, because it imposes legislative functions upon the judiciary.

Id. — Legislative and Judicial Acts — Distinction between. — The distinction between a legislative and a judicial act is that the former establishes a rule regulating and governing in matters or transactions occurring after its passage, while the latter determines rights and obligations of any kind, whether in regard to persons or property, concerning matters or transactions which already exist and have transpired before the judicial power is invoked to pass upon them.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

Application for a writ of mandate to compel the respondent to audit and allow the claim of the appellant for his salary as an official reporter of the city and county of San Francisco. The further facts are stated in the opinion of the court.

*William M. Pierson,* and *A. L. Hart, amicus curiæ,* for Appellant.

The power conferred upon the Superior Court judges of fixing the salaries of the official reporters is not legisla-

tive.  (*People* v. *Provines*, 34 Cal. 520; *People* v. *Bush*, 40
Cal. 346; *Tuolumne Co.* v. *Stanislaus Co.*, 6 Cal. 442;
*Dearing* v. *Bank of Charleston*, 5 Ga. 497; S. C. 48 Am.
Dec. 300.)

*John L. Love*, for Respondent.

THORNTON, J.—Reporters are, by virtue of statute, ap-
pointed by the several judges of the Superior Courts, and
in the matter of their compensation the legislature passed
an act for its regulation, which was approved on the 21st
of March, 1885.  (Stat. of 1885, p. 218.)  The act re-
ferred to is an amendment of section 274, Code of Civil
Procedure.  By the provisions of this act the counties
of the state are divided into ten classes, according to
population, and the compensation of the official reporter
for his services is to be by a monthly salary to be fixed by
the judge, by an order duly entered on the minutes of the
court, which salary is to be paid out of the treasury of the
county, in the same manner and at the same time as
the salary of county officers.  The act further provides
that the monthly salary to be fixed as above shall not
exceed a certain amount specified for each class; as, for
instance, in counties having a population of one hundred
thousand and over, which constitute the first class, the
monthly salary shall not exceed $300; in counties having
a population of less than one hundred thousand and ex-
ceeding fifty thousand, said salary is not to exceed $275.
The sum which the salary shall not exceed becomes
smaller in proportion to the smaller population of each
class.  The city and county of San Francisco is of the
first class, and the monthly salary of the official reporter
in such city and county is not to exceed $300.

The language of the act on which the question for
decision depends is as follows:—

"The official reporter shall receive, as compensation
for his services, a monthly salary to be fixed by the judge,
by an order duly entered on the minutes of the court,

which salary shall be paid out of the treasury of the
county, in the same manner and at the same time as
the salaries of county officers."

It is urged that this act provides a mode of fixing a
salary of an officer which is violative of the constitution,
in this: that the fixing of the salary in the mode provided
would be the exercise of a legislative power.

Now, what is the judge empowered by the words above
quoted to do? As we understand it, it is to fix a salary in
advance of service by the officer, not exceeding a certain
sum per month, to be paid monthly, the salary so fixed
to continue until the court shall make an order changing
it, and be paid every month during its continuance,
though in consequence of a vacation of the court no
service is rendered.

The power is not to determine the value of services
already rendered during a month, and to fix the amount
of every monthly payment as compensation for services
rendered with reference to the value so determined, not
exceeding the limits prescribed by the act.

It is prescribed by the first section of article 3 of the
constitution of this state that "the powers of the govern-
ment of the state of California shall be divided into three
separate departments, the legislative, executive, and judi-
cial; and no person charged with the exercise of powers
properly belonging to one of these departments shall
exercise any functions appertaining to either of the
others, except as in this constitution expressly directed
or permitted."

Is the performance of the act devolved by the section
of the statute above quoted on the judge of the Superior
Court, by such judge, a legislative or judicial act? Such
is the point presented for our determination.

What constitutes the distinction between a legislative
and judicial act? The former establishes a rule regulat-
ing and governing in matters or transactions occurring
after its passage. The other determines rights or obliga-

tions of any kind, whether in regard of persons or property concerning matters or transactions which already exist and have transpired ere the judicial power is invoked to pass on them. As said by Woodbury, J., in *Merrill* v. *Sherburne*, 1 N. H. 204, "the former [judicial tribunals] decide upon the legality of claims and conduct, and the latter [legislative tribunals] make rules upon which, in connection with the constitution, those decisions should be founded. It is the province of judges to determine what is the law upon existing cases. In fine, the law is *applied* by the one and *made* by the other." The legislature makes a general rule for the regulation of conduct and the admeasurement of right; the judiciary makes a special rule regarding a state of facts which have occurred after the enactment of the general rule by the former, by applying such general rule to the state of facts. The former defines rights and wrongs by a rule laid down in advance; the latter enforces rights and redresses wrongs in cases arising on past occurrences. We have found no more accurate statement of the difference between a legislative and a judicial act than that expressed by Justice Field in his opinion in the Sinking Fund Cases.

"The distinction," says the learned justice, "between a judicial and a legislative act is well defined. The one determines what the law is, and what the rights of parties are, with reference to transactions already had; the other provides what the law shall be in future cases arising under it. Wherever an act undertakes to determine a question of right or obligation, or of property, as the foundation on which it proceeds, such act is to that extent a judicial one, and not the proper exercise of legislative functions." (99 U. S. 761.)

The foregoing remarks are then forcibly illustrated by reference to the cases, one (*Lane* v. *Doe, ex dem. Dorman,* 3 Scam. 238) decided by the Supreme Court of Illinois, and the other (*Jones* v. *Perry,* 10 Yerg. 59) by the Su-

preme Court of Tennessee, of which it is said: "Thus an act of the legislature of Illinois authorizing the sale of the lands of an intestate, to raise a specific sum, to pay certain parties their claims against the estate of the deceased for moneys advanced and liabilities incurred, was held unconstitutional, on the ground that it involved a judicial determination that the estate was indebted to those parties for the moneys advanced and liabilities incurred. The ascertainment of indebtedness from one party to another, and a direction for its payment, the court considered to be judicial acts which could not be performed by the legislature. (3 Scam. 238.) So, also, an act of the legislature of Tennessee authorizing a guardian of infant heirs to sell certain lands of which their ancestor died seised, and directing the proceeds to be applied to the payment of the ancestor's debts, was, on similar grounds, held to be unconstitutional." (99 U. S. 761.)     See also *Ex parte Shrader*, 33 Cal. 279; Cooley's Const. Lim. 110–112 *et seq.*, and cases cited in notes.

Tested by the foregoing, we are of opinion that the fixing of the salary of a reporter by the judge in advance of services rendered, to be paid to him monthly, such salary to continue until changed by the order of the judge, and to be paid where, as in the recess of the court, no services are rendered, would be an exercise of legislative power. In doing this, the judge would be determining no right or obligation pertaining to person or property on facts already existing, but would be laying down a rule to be applied to a case the facts of which must afterwards transpire. As this would be an exercise of legislative power not expressly directed or permitted by the constitution to a court or judicial officer, the act must be declared unconstitutional.

The act of 1885 amending section 274, Code of Civil Procedure, is different from the section as it stood before amended. Under the section as it stood before it was

amended, the amount to be paid the reporter was fixed on valuation of the' services rendered by the court or judge after they have been rendered.   The court or judge under that section acted on a case which had transpired before any action was taken.   The difference between the two is plain and palpable.   However, it is not necessary, nor do we intend, to hold that the latter mode is constitutional.

The order made by the judge in this case, it seems to us, is not in accord with either the amended or unamended section.   The order in this case did not fix the salary to be paid monthly.   It fixes the compensation of Smith, the petitioner, for two days (the thirtieth and thirty-first days of March, 1885) at $9.50 per day.   This is not an allowance of a monthly salary, as required by the act of 1885, and it differs from the section prior to its amendment because it is fixed with a view to be paid out of the county treasury, and not by the parties as the act stood before amendment.

We find no error.

Judgment affirmed.

MYRICK, J., MORRISON, C. J., McKEE, J., and SHARPSTEIN, J., concurred.