[No. 14821.  In Bank. — March 1, 1892.]

# SARAH M. JAMES, PLAINTIFF, *v.* F. J. McCANN, JUDGE OF THE SUPERIOR COURT OF SANTA CRUZ COUNTY, DEFENDANT.

FEES OF SHORT-HAND REPORTER — MODE OF ENFORCING PAYMENT — POWER OF COURT — SETTLEMENT OF BILL OF EXCEPTIONS — MANDAMUS. — Where a short-hand reporter has voluntarily taken short-hand notes in an action without demanding a deposit from the parties to the action, and the trial in which he took the notes has terminated and judgment has been entered, he stands in no more favorable relation than that of a creditor to the parties to the action for the amount of his fees; and the judge of the trial court has no power to refuse to settle a bill of exceptions in order to enforce the payment of the reporter's fee by the appellant, and if he has so refused, will be compelled by *mandamus* to settle the bill.

MANDAMUS from the Supreme Court to the judge of the Superior Court of Santa Cruz County. The facts are stated in the opinion of the court.

*Horace W. Philbrook*, for Plaintiff.

*J. H. Skirm*, and *Z. N. Goldsby*, for Defendant.

McFARLAND, J. — This is a petition for a writ of mandate to compel the defendant to settle a certain bill of exceptions; and it was submitted upon a demurrer to the complaint or petition.

The plaintiff (or petitioner), Sarah M. James, and one Leonora A. James, were hostile contestants in the court of the defendant (or respondent) for letters of administration on the estate of William E. James, deceased. That contest, after a full trial, was decided by the court in favor of said Leonora, and judgment was entered accordingly. The petitioner herein (Sarah) then duly filed her notice of and undertaking on appeal; and afterwards, and within the proper time, prepared and served on said Leonora a draft of a bill of exceptions. The said Leonora duly prepared and served on petitioner certain amendments to said draft; and the draft and amendments were duly presented to said respondent, who designated the

twenty-seventh day of October, 1891, at ten o'clock, A. M., as the time when he would settle said bill. At that time the parties appeared, and the settlement was begun and proceeded with until the twenty-ninth day of said month, at which time a large part of said bill had been settled. But on last said-named day the attorney of said Leonora moved that all further proceedings in the settlement of said bill be stayed until certain fees of the short-hand reporter of the court should be paid; and the judge (respondent herein), against the objection and exception of petitioner, ordered " that all proceedings herein be stayed until the above amount, to wit, forty-five dollars and fifty-five dollars, making a total amount of one hundred dollars, be paid by Sarah M. James to said reporter." And since then the respondent has refused to settle said bill of exceptions because said Sarah has not paid said reporter's fees, and declares that he will not settle said bill, or any bill, of exceptions in said cause, unless said Sarah shall first pay said fees. It appears that during the trial of said contest for administration between said Sarah and Leonora, the court on one occasion made an order " that each party in this action pay the reporter forty-five dollars for short-hand reporting," and that at a later period in the trial it made another order "that Sarah M. James and Leonora A. James each pay the reporter fifty-five dollars for reporting herein," and it is for the failure of said Sarah to pay the amounts stated in said two orders that the respondent refuses to settle the bill. It is alleged in the petition, and therefore must be taken as true, that said short-hand reporting referred to in said orders meant the taking of short-hand notes of the testimony and proceedings as the trial progressed, and not the transcription of said notes into long-hand.

The ground upon which the respondent rests his refusal to settle the bill of exceptions is not tenable. In some respects the statutory law about the payment of reporters' fees is in an uncertain and unsettled condition. Prior to March 23, 1885, the law upon that subject was contained in section 274 of the Code of Civil

Procedure. (See Newmark's Code of 1883.) On March 23, 1885, the legislature passed a bill by which they undertook to amend section 274 by re-enacting it so as to provide that the judges should fix monthly salaries for reporters; that the salaries should be paid out of the county treasuries, and that certain fees to be paid by litigants for reporting should be paid into the county treasuries. That attempted amendment, however, was held in *Smith* v. *Strother*, 68 Cal. 194, to be unconstitutional, so far, at least, as it attempted to confer upon courts the power to fix salaries; and as the other parts of the amendment are based upon the theory that the salaries were to be so fixed, and are interwoven with the system sought to be established, it is probable that the whole amendment falls. In that event, the section as it stood before is still the law; and if such construction be correct, then the provision is, that " the reporter's fees for taking notes in civil cases shall be paid by the party in whose favor judgment is rendered, and shall be taxed up by the clerk of the court as costs against the party by whom judgment is rendered." If, on the other hand, there is anything left of said attempted amendment of March, 1885, then the provision is, that " each party shall pay a *per diem* of two dollars and fifty cents before judgment or verdict therein is entered," said *per diem* " to be paid *to the clerk* of the court, and by him paid into the treasury of the county." And neither provision warrants the action taken in the case at bar.

Whether or not a court might, during the progress of a trial, compel the parties to make a deposit of money, or in some other way secure in advance the payment of the reporter for taking notes of the proceedings, or might refuse to order the reporter to do such work without such security, or might by some other means force the parties to secure him before the work should be done, are questions which do not arise in this case. Here the reporter did his work voluntarily, and without demanding security; the trial in which he took the notes terminated, and judgment was entered. After that the

view most favorable to the reporter's right that could be taken is, that the petitioner is his debtor; and in order to enforce the payment of that debt, the respondent has not the power to refuse to settle petitioner's bill of exceptions, and thus practically destroy her right of appeal.

(Respondent moved to strike out certain parts of the petition; but as the case was submitted on demurrer, the motion is of no importance, and is denied.)

Let a peremptory writ of mandate issue as prayed for.

HARRISON, J., DE HAVEN, J., GAROUTTE, J., PATERSON, J., and SHARPSTEIN, J., concurred.