[L. A. No. 248.   Department Two.—February 15, 1898.]

NANCY A. D. TAYLOR, Appellant, v. W. P. McCONIGLE, Respondent.

BOUNDARY OF MEXICAN GRANT—THREAD OF CHANGEABLE STREAM—COURSE AT TIME OF OFFICIAL SURVEY—APPEAL—SUPPORT OF FINDING—CONFLICTING EVIDENCE.—In an action to quiet title to a strip of land, the boundary of which is determined by the location of the thread of a changeable stream in the course occupied by it at the time of the survey of a Mexican grant by the United States surveyor, upon a decree of confirmation thereof, where the evidence is substantially conflicting as to its location at that time, the finding of the court below thereupon cannot be disturbed upon appeal.

ID.—DESCRIPTION IN PATENT—FIELDNOTES OF SURVEY—LOCATION OF THREAD OF STREAM—CALLS FOR FIXED POINTS AND COURSES AND DISTANCES.— Where the fieldnotes of the survey, which constitute the description in the United States patent confirming a Mexican grant, make certain calls for fixed points and courses and distances therefrom to the thread of a stream on the east side of the land in contest, which lead to a place where such thread might naturally have been, and where witnesses testified and the court found that it was located at the time of the survey, such other calls strongly tend to show that the thread was where they indicate, and that the surveyor intended to locate it and did locate it there, and the conclusion of the court that it was there located is strongly confirmed by such fieldnotes.

ID.—EVIDENCE—ORAL DECLARATIONS OF GRANTORS—HEARSAY.—Oral declarations of the grantors of the plaintiff in an action to quiet title are hearsay and inadmissible against defendants who do not claim or hold title under the parties who made the declaration.

ID.—SURVEY AND MAP REFERRED TO IN DEEDS.—An old survey and map generally known, and referred to in deeds as matter of description, are admissible in evidence in connection with the deeds, and also with the testimony of witnesses for the appellant referring thereto.

ID.—ACTION TO QUIET TITLE—SUIT FOR TRACT OF LAND—ISSUE AS TO NARROW STRIP—FORM OF JUDGMENT.—In an action to quiet title, where the complaint asserted title to a large tract of land, which the defendant denied for want of knowledge or information, but asserted claim only to a narrow strip, which was the only land in controversy between the parties, it is sufficient for the court by its judgment to adjudicate and determine the issue touching the strip of land in contest, which are the only issues before the court.

BILL OF COSTS—TIME FOR FILING—STAY OF ENTRY OF JUDGMENT—NOTICE CLAIMING REPORTER'S FEES.—Where the entry of judgment is stayed, a

bill of costs may be filed at any time before such entry is made, though more than five days may have elapsed after notice of the decision; and under section 274 of the Code of Civil Procedure as it existed before the amendment of 1895, the service of notice upon the clerk that the reporter's fees had not been paid worked a stay of the entry of judgment, unless the court otherwise ordered.

ID.—VOID AMENDMENT OF CODE.—The attempted amendment of 1885 to section 274 of the Code of Civil Procedure was totally void, and left that section as it stood before that amendment.

ID.—ORDER OF COURT AS TO TRANSCRIPTION OF REPORTER'S NOTES—VERBAL DIRECTION.—A verbal direction of the court to the reporter to transcribe his notes of the proceedings, and file them with the clerk, is a sufficient order of the court for that purpose under section 274 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the County of Ventura, and from orders denying a new trial and denying a motion to strike out a bill of costs. B. T. Williams, Judge.

The facts are stated in the opinion of the court.

Blackstock & Ewing, for Appellant.

Shepard Eastin, for Respondent.

McFARLAND, J.—This is an action to quiet title to certain land. It was brought against McConigle and others; but McConigle was the only defendant served, and there was a trial between him and plaintiff which resulted in a judgment for the defendant. Plaintiff appeals from the judgment, from an order denying his motion for a new trial, and from an order refusing to strike out defendant's costs bill.

The premises in contest consist of a narrow strip of land running north and south parallel with the San Buena Ventura river; and the question in the case is whether, in 1860, when the final survey of the Mexican grant called the Rancho San Miguelito was made, the said river was on the east or the west side of said strip of land.

The final survey was made by a surveyor named Terrell; and he was instructed by the United States surveyor general to make it in accordance with the decree of confirmation. By the decree the rancho was confirmed to the claimants thereof, "to the extent of two square leagues of land, and no more," with boundaries as follows: "The river San Buena Ventura on the

east, the aguege or swamp on the west, and the Sierra Colorado on the north, provided that if the quantity contained within said boundaries be less than said quantity of two square leagues, then confirmation is hereby made of said less quantity." After the survey had been completed statutory notice was given of it, and, in due course, it was regularly approved and adopted by the United States land department and was used in the patent which was subsequently issued, as a correct description of the land confirmed. The appellant, through mesne conveyances from the original patentees, became the owner of a part of the rancho described as bounded on the east by the San Buena Ventura river, and lying opposite the strip of land here in contest; and her contention is, that at the time of the survey the river ran to the east side of said strip of land, that consequently it was included in said rancho, and was conveyed to her by the conveyances aforesaid. The respondent contends that the river then ran to the west side of said strip, and that consequently it was not part of said rancho and does not belong to appellant.

The view of the case most favorable to appellant is that which rests the question wholly upon the memory of the various witnesses who testified as to their recollections of the course of the river at the time of the survey. But under this view the testimony, to say the least of it, was so substantially conflicting as to put the finding of the court below, based on such testimony alone, beyond any disturbance here. The course of the river has, no doubt, changed considerably during the long period of time since the survey. There have been times when there was some water running on both sides of the land in contest (and it is sometimes called an island), and there was evidence that during recent years the water has run mostly on the east side; but there were numerous witnesses who testified that at the time of the survey the entire river was on the west side, and ran along the extreme western bluff of the San Buena Ventura valley close by the mouth of the Canada del Diablo.

And the correctness of the conclusion of the court below is strongly confirmed by the fieldnotes of the survey themselves, which constitute the description in the patent. A United States patent issued upon the confirmation of a Mexican grant is con-

clusive evidence of the land confirmed (*People v. San Francisco,* 75 Cal. 388, and cases there cited); and where the description in a patent is so certain as to leave no room for construction, it must be strictly followed. Of course, when any part of a description is doubtful, it is subject, like other writings, to the general rules of construction, one of which is that where in fieldnotes there is a discrepancy between courses or distances and natural monuments, the latter must prevail. There would be such a discrepancy, for instance, where certain calls purporting to end in the well-defined and conceded thread of a stream would not lead to the place indicated. But, in case of doubt where the thread of a changeable stream was at the time of the survey, if the other calls of the fieldnotes lead to a place where such thread might naturally have been, then such other calls strongly tend to show that the thread was where they indicate, and that the surveyor intended to locate it and did locate it there. And such seems to be the character of the calls in the case at bar. In order to locate the thread of the river on the east side of the land in contest, it is not only necessary to vary the fieldnotes of the Terrell survey in the matter of courses and distances, but certain fixed points would have to be disregarded. This is particularly so with respect to the calls from section 10; these calls had to be materially changed as to courses and distances by the surveyor who made the survey for appellant for the purposes of this action, and a fixed point, to wit, a certain intersection of section lines well established, had to be disregarded, in order to locate the thread of the stream on the east of the land in contest. The Terrell survey shows quite clearly, we think, that Terrell intended to locate and did locate the thread of the stream on the east of the land in contest, where respondent claims it to have been, where naturally it might have been, and where many of the witnesses placed it.

We do not think that the court erred in excluding evidence offered by appellant of oral declarations of her grantors as to the boundaries of the rancho. They do not come within the provision of section 1849 of the Code of Civil Procedure, because they were not offered "against" one holding title under the parties who made the declaration; and we do not know of

any other principle which takes them out of the category of inadmissible hearsay.

We do not think that the court improperly admitted in evi-. dence the Leighton survey and map. It was certainly admissible in connection with certain deeds introduced by respondent, in which reference was made to the said map for description. Moreover, it appears from the evidence directly on the point, and from other matters appearing in the record, that it was an old map, generally well known and accepted as such. Moreover, before its introduction it was referred to by the witnesses of appellant themselves. Appellant's main witness, Barry, who made the survey for her which was used at the trial, frequently referred to the Leighton survey in his testimony; and, indeed, he refers to it in his fieldnotes.

We see no error in the form of the judgment. It is true that in subdivision 1 of the complaint the plaintiff avers title to quite a large tract of land, and that in his answer the respondent, upon the ground of want of knowledge or information, denies the averments of said subdivision. But the respondent sets up in his answer a claim only to the strip of land hereinbefore mentioned; there was no issue as to any other land; and it was sufficient for the court, by its judgment, to adjudicate and determine the issues touching the said strip of land in contest, which were the only issues before the court.

On March 23, 1896, appellant moved to strike out the respondent's costs bill, upon the ground that it had been served and filed more than five days after the decision of the court in the case. The decision of the court—that is, the findings of fact and law—was filed December 17, 1895, and the costs bill was not filed and served until February 20, 1896. The bill of exceptions does not show that notice of the decision was served on the respondent; but the brief of respondent seems to concede that there was such service. Waiving that point, however, we think that the court did not err in refusing to strike out the costs bill. Section 1033 of the Code of Civil Procedure provides that a costs bill must be filed within five days after notice of the decision of the court, "or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made." In the case at bar, the costs bill was filed be-

fore the entry of the judgment, which was not entered until April 23, 1896. The court reporter's fees had not been paid, and he served upon the clerk of the court a notice to that effect; and that fact, under section 274 of the Code of Civil Procedure, as it existed prior to the amendment of March 23, 1895, worked a stay of the entry of the judgment, unless the court otherwise ordered, which was not done in this case. Counsel for appellant assumes in his brief that under the authority of *James v. McCann,* 92 Cal. 515, the attempted amendment of 1885 was totally void, and left section 274 as it was before the attempted amendment; and we think this must be held to be the law. (See, also, *Smith v. Strother,* 68 Cal. 194.) Appellant insists, however, that in this case the transcription of the testimony had not been "ordered by the court," as provided in said section 274. But this contention cannot be maintained: the bill of exceptions shows that the court said: "Mr. Reporter, transcribe your notes of the proceedings and file them with the clerk."

We see no other point requiring notice.

The judgment and orders appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.