[Civ. No. 2485. First Appellate District.—June 3, 1918.]

## LILLIAN FRAME, Petitioner, v. CHARLES E. BARNUM, County Auditor, etc., Respondent.

PUBLIC OFFICERS — COPYISTS IN RECORDER'S OFFICE — COMPENSATION— WORDS ACTUALLY COPIED.—Copyists in the office of the county recorder are entitled to be paid only for the words actually copied by them into the books of record, and are not entitled to compensation for the words contained in the printed forms in such books.

ID.—WARRANT FOR CLAIM—PRESENTATION TO SUPERVISORS FOR ALLOWANCE—CONDITION PRECEDENT.—A claim for compensation for services as copyist in the recorder's office must be presented to and allowed by the board of supervisors before the county auditor is authorized to draw his warrant for its payment.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the First Appellate District to compel a county auditor to draw his warrant for a claim for services as copyist in the recorder's office.

The facts are stated in the opinion of the court.

Short & Sutherland, and Carl E. Lindsay, for Petitioner.

M. F. McCormick, District Attorney, County of Fresno, R. G. Retallick, Deputy District Attorney, County of Fresno, W. F. Scherermeyer, District Attorney, County of San Diego, Ezra W. Decoto, District Attorney, County of Alameda, and A. A. Rogers, Deputy District Attorney of Alameda County, for Respondent.

KERRIGAN, J.—This is a proceeding in *mandamus* brought by petitioner, a copyist in the office of the county recorder of Fresno County, against the auditor of that

county, for the purpose of compelling said auditor to draw a warrant upon the county treasurer for the payment of $599.10, alleged to be due to her as such copyist for her services during the months of February and March, 1918, the amount of said demand being approved by the county recorder. The auditor justifies his refusal to issue the warrant upon two grounds, namely, that in computing the number of folios covered by the demand the copyist had included a large number of words not actually written by her, but which were printed in the books of record in which her work of copying was done; and, second, that the demand of petitioner had not been presented to nor allowed by the board of supervisors of the county.

As to the first of these points, section 4130 of the Political Code (which relates to the duties of the county recorder of Fresno County) provides that the recorder must procure such books for records as the business of his office requires, and that such books may contain printed forms of deeds or other instruments of general use. Elsewhere it is provided that he shall charge and collect ten cents per folio for recording in such books papers presented therefor. In subdivision 3 of section 4234 of said code it is provided that the recorder shall have such copyists as are necessary to perform the duties of the office at a compensation of six cents per folio. In the present case the recorder procured books containing such printed forms; and it is admitted that a large number of the folios contained in the petitioner's demand covered these printed words, the documents upon which petitioner's work was done being written upon one of the standard forms thus carried into the recorder's books. It is the contention of the respondent that the petitioner is only entitled to be paid for the words actually copied by her into the books of record.

It appears in paragraph VI of the petition for the writ that for many years last past the recorder has kept in his office such books containing printed forms of instruments of general use, and that the compensation of copyists in his office has, until the time of the refusal of the respondent to honor petitioner's present demand, been calculated upon the basis of computing the printed matter of these forms as a part of the work copied. This is not denied by the respondent, although he disclaims that he had knowledge of the fact. During the time that this practice has been in vogue the law governing

the office of the county recorder of Fresno County has been amended by the legislature on several occasions; and we think it reasonable to infer that in establishing the rate to be paid to the copyist at six cents per folio the legislature had this practice in mind. To anyone familiar with this kind of work it is apparent that if the legislature had intended that only the words actually written by the copyist in filling in these prepared printed pages should be included in arriving at the amount to be paid therefor, the rate fixed would have been much higher, for the reason that the writing of such insertions must necessarily proceed at a much slower rate than would the writing of an equal number of words where the whole document is copied, the words comprising such insertions being names, dates, quantities, and descriptions—in a word, the most difficult part of the documents and that requiring the most time to copy. Taking a broad view of this question, and bearing in mind that the county recorder is authorized by the same act to charge and collect from the public for recording an instrument nearly twice the rate per folio paid to the copyist for incorporating it into the records, and that in his charge to the public he treats the printed words as written ones, we are of the opinion that the petitioner was correct in computing her demand as she did.

This brings us to the next question, namely, whether such demand should have been presented to the board of supervisors for allowance.

Section 4091 of the Political Code makes it the duty of the county auditor to draw a warrant, (1) in payment of claims that have been legally examined, allowed, and ordered paid by the board of supervisors; (2) in payment of debts and demands against the county where the amounts are fixed by law, and (3) in payment of debts and demands when approved and allowed, and are such as are authorized by law to be allowed by some person or tribunal other than the board of supervisors.

It is not contended by the petitioner that her demand is one that is authorized to be allowed by some person or tribunal other than the board of supervisors; but it is urged that it comes within the category of amounts fixed by law, for the reason, as alleged, that the payments made to copyists are salary or compensation of a county officer, deputy, or assistant. Four cases are cited to the effect that the board of

supervisors has no power to pass upon matters concerning salaries or compensation of such persons. An examination of the cases cited discloses that they have no application to the case at bar. Three of them deal with the question of the constitutionality of enactments, either by the legislature or by the board of supervisors of a county, which purport directly or indirectly to increase the compensation of a county officer during his term; and the fourth, namely, *Agard* v. *Shaffer*, 141 Cal. 725, [75 Pac. 343], if applicable to this case, would deprive the petitioner of any compensation at all, at least out of the county treasury.

We think it very clear that the compensation payable to a copyist in the recorder's office for work performed during any one month is not fixed by law, but that the law merely establishes a basis or standard by which the amount due may be determined. Such a claim, therefore, must be presented to and allowed by the board of supervisors before the county auditor is authorized to draw a warrant for its payment. This procedure has been held to be compulsory in paying the compensation of an expert employed by the grand jury under section 928 of the Penal Code; in paying for the services of the coroner on the basis of fees fixed by law, or the fees due to a constable. The present case comes within the authority of *Woody* v. *Peairs*, 35 Cal. App. 553, [170 Pac. 660], where the court had under consideration the question as to whether the auditor of Kern County should draw his warrant in favor of a detective who had been employed by the grand jury of that county, and whose claim had been approved by the foreman and secretary of that body. After referring to sections 4307, 4075, 4076, and 4091 of the Political Code, the court said: "There are, it is true, some cases in which claims against a county may be made upon the order of the judge of the superior court, as in a certain instance we have in mind (Penal Code, sec. 869; *McAllister* v. *Hamlin*, 83 Cal. 361, [23 Pac. 357]), by a magistrate. These cases, however, are exceptions to the general rule laid down upon the subject by the legislature. In such cases the law expressly confers upon the judge or magistrate the power to order the claims to be paid. . . . But, unless there is some provision of law expressly authorizing a different course of procedure, all claims or charges against a county must be presented and filed and approved and allowed as provided by the sections of the

Political Code above named, in which cases only is the auditor required to interpose his official approval as a prerequisite to the payment thereof by the treasurer."

For the foregoing reasons the writ is discharged.

Zook, J., *pro tem.,* and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1918, and the following opinion by Angellotti, C. J., Shaw, J., and Wilbur, J., then rendered thereon:

ANGELLOTTI, C. J.—While all of the justices of this court concur in the judgment of the district court of appeal discharging the writ of mandate, and in what is said in the opinion as to the necessity of presenting such a claim as that of petitioner to the board of supervisors for allowance, we are not in accord with the views of that court upon the first question discussed in the opinion. To the contrary, we are clearly satisfied that the contention of respondent that petitioner is entitled to be paid only for the words actually copied by her into the books of record is well based.

Shaw, J., and Wilbur, J., concurred.