De Haven, J.
In the former decision of this case (post,' p. 626), the court, in its opinion, held that the order of the board of supervisors of Marin County, upon which the respondent bases his right to the relief which he asks, was, in effect, an increase of the compensation of the county clerk of Marin County, made after his election to such office, and was for this reason void, as being in conflict with section 9 of article XI. of the constitution of this state; and secondly, that section 211 of the County Government Act, as amended in 1887 (Stats. 1887, p. 207), under which the board of supervisors acted in making such order, was invalid, as it made the County Government Act, of which it formed a part, lacking in that uniformity of operation which is required by section 11 of article I. of the constitution of this state. It being supposed that the decision thus made would affect officers in other counties who had not been heard, and that the question presented for decision was of sufficient importance to justify it, it was deemed proper by a- majority of the members of the court to grant a rehearing, in order to give an oppor *604 tunity for further argument. The case has been re-argued, and upon a reconsideration of the questions involved, we adhere to the conclusions announced in the former opinion of Mr. Justice Garoutte, and the reasoning by which those conclusions were reached.
There is, however, an additional ground which is equally fatal to the right of respondent to maintain this action, which will be briefly referred to.
The constitution of the state declares:—•
“ The legislature, by general and uniform laws, shall provide for the election or appointment in the several counties of boards of supervisors, sheriffs, county clerks. .... It shall regulate the compensation of all such officers in proportion to duties, and for this purpose may classify the counties by population.” (Art. XI., sec. 5.)
Under this section it is made the imperative duty of the legislature to regulate—that is, to fix or adjust — the compensation of all county officers in proportion to their duties.
In the exercise of the authority thus conferred upon it by the constitution, the legislature, in the County Government Act of 1883 (Stats. 1883, p. 299), and the act amendatory thereof, passed in 1885 (Stats. 1885, p. 178), fixed the salary of the county clerk in the class of counties to which Marin belonged at two thousand five hundred dollars per annum, with the special provision that this sum should be in full compensation for that officer, and that all deputies employed by him, and deemed necessary to properly discharge the duties of such office, should be paid by him out of the salary thus fixed by the act. But in 1887, section 211 of the County Government Act was again amended, and by such amendment the legislature undertook to confer upon the supervisors of Marin, and certain other counties, the power to change that provision of the law which required their county officers to pay their own deputies. This amended section, so far as it is necessary to be here set out, is as follows: “ That whenever, in the opinion of the board of supervisors, the salary of any *605 county officer in the third, fourth, .... twentieth, . . . . classes, as fixed and provided in this act, is insufficient to pay a reasonable compensation for the services required to be performed, the said board shall allow such officer a deputy, or such number of deputies as in their judgment may be required to do the business of such office, in connection with the principal, at a salary not to exceed one hundred dollars per month, to be paid, .... provided, that an affidavit shall be filed by such officer with the said board, showing that such deputy or deputies are required by him in the proper discharge of his duties as such officer.” It was under this section, as thus amended, that the board of supervisors of Marin County acted in making the order by virtue of which plaintiff claims the right to be paid his salary as deputy county clerk from the treasury of the county.
The question is thus squarely presented, whether it was competent for the legislature thus to delegate to the board of supervisors of that county the power to change or suspend that part of the general law fixing the salaries of county officers, which provided that the county clerk of Marin County should himself pay the deputy or deputies employed by him. There can be, under well-settled principles of constitutional law, but one answer to this question, and that is one which denies to the legislature any right to thus delegate to any other body or tribunal what is most clearly a legislative power, the exercise of which the constitution has confided to that department of the state alone. This principle is one so universally accepted as true, that Judge Cooley, in his work on constitutional limitations, states it as a maxim of constitutional law. He says: “One of the settled maxims in constitutional law is, that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the state has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the constitution is changed. The power to whose judgment, *606 wisdom, and patriotism this high prerogative has been intrusted cannot relieve itself of the responsibility by choosing other agencies upon which the power shall be devolved, nor can it substitute the judgment, wisdom, and patriotism of any other body for those to which alone the people have seen fit to confide this sovereign trust.” (Cooley on Constitutional Limitations, p. 117).
A general statute of the state of Missouri concerning roads and highways contained a provision that “if the county court of any county should be of opinion that the provisions of the act should not be enforced, they might, in their discretion, suspend the operation of the same for any specified length of time, and thereupon the act should become inoperative in such county for the period specified in such order,” and in that event, roads in such county should be opened and kept in repair under previous statutes. The supreme court of that state, in State v. Field, 17 Mo. 529, 59 Am. Dec. 275, held such act unconstitutional, as an attempt to delegate to the county court of the county a power vested exclusively in the legislature.
There is no difference whatever in principle between the statute held invalid in the case just referred to and section 211 of the County Government Act, as amended in 1887, and under which the hoard of supervisors acted in making the order upon which the plaintiff relies. By this section, as thus amended, an attempt is made to delegate to the board of supervisors of Marin County the authority to change the law fixing the salary of the county clerk of that county, whenever it shall appear to such board that the salary as thus fixed is insufficient to pay him a reasonable compensation for his services. The salary of this officer was fixed by the legislature, with direct reference to the fact that out of it he was to pay his own deputies, and the purpose of this amended section is to authorize the board of supervisors of that county to suspend the operation of this law, in so far as he is thereby required to pay such deputies, and to place that burden upon the county. The power thus to change *607 a law of the state is necessarily legislative in character, and is vested exclusively in the legislature, and cannot be delegated by it to the board of supervisors of the county. It follows, from this, that the order of the board of supervisors of Marin County, allowing the plaintiff a salary of fifty dollars per month as deputy county clerk of that county, and payable out of the treasury, is void, and plaintiff is not entitled to the judgment which he demands.
As already stated, the constitution of this state has made it the imperative duty of the legislature to fix the salaries of county officers in proportion to their duties. Whether, if that body should wholly fail to discharge this obligation in respect to any county, the board of supervisors of such county would, by virtue of its general authority in relation to the government of such county, have power to provide for the payment of its officers, is a question not involved in this case, and upon which we express no opinion.
Judgment reversed, with directions to dismiss the proceeding.
Garoutte, J., Harrison, J., and Sharpstein, J., concurred.