[S. F. No. 1436. In Bank.—June 21, 1899.]

CITY AND COUNTY OF SAN FRANCISCO, Appellant, *v.* WILLIAM BRODERICK, Auditor, et cetera, Respondent.

DEPUTIES AND ASSISTANTS OF COUNTY CLERKS—CONSTITUTIONAL LAW—LOCAL AND SPECIAL LEGISLATION.—The act of 1880 (Stats. 1880, p. 20), in relation to deputies, assistants, and copyists of county clerks, and providing for their appointment and compen-

sation, in any city and county having more than one hundred·
thousand inhabitants, and the act of 1891, amendatory thereof
(Stats. 1891, p. 5), are in violation of section 5, of article XI, of
the constitution, requiring the appointment and duties of offi-
cers to be regulated by general laws, and providing only for a
classification of counties to fix their compensation, and of sub-
division 28, of section 25, of article XI, of the constitution, for-
bidding local or special laws creating offices, or prescribing the
powers and duties of county or municipal officers.

ID.—CONSTRUCTION OF COUNTY GOVERNMENT·ACT—APPOINTMENT AND
COMPENSATION OF DEPUTIES.—Section 61 of the County Govern-
ment Act, allowing the appointment by certain county officers,
including the county clerk, or as many deputies as may be nec-
essary for the prompt and faithful discharge of the duties of
his office, is to be construed in connection with section 216 of
that act, providing that deputies employed shall be paid by their
principals out of their salaries, unless in the act otherwise pro-
vided, and in connection with those provisions of the act which
expressly limit the number of deputies allowed at fixed salaries
payable out of the treasury in specified classes of counties.

ID.—UNCONSTITUTIONAL CONSTRUCTION—CONTROL OF COUNTY FUNDS.
—The County Government Act cannot be construed as permit-
ting the county clerk to make the compensation of any num-
ber of deputies that he may choose to appoint, a charge upon
the county treasury, without violating section 13 of article XI,
of the constitution, prohibiting the delegation, to any individual,
of·the control of any county money, property, or effects.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Harry T. Creswell, City and County Attorney, James L. Gal-
lagher, successor, and W. I. Brobeck, Assistant, for Appellant.

The legislature cannot classify counties for any other than
the sole purpose of fixing the compensation of officers.   (Const.,
art. XI, sec. 5; *Longan v. Solano County,* 65 Cal. 122; *Miller
v. Kister,* 68 Cal. 142; *San Luis Obispo County v. Graves,* 84
Cal. 75; *Welsh v. Bramlet,* 98 Cal. 219; *Turner v. Siskiyou
County,* 109 Cal. 332; *Bloss v. Lewis,* 109 Cal. 493; *Kahn v.
Sutro,* 114 Cal. 316; *El Dorado Co. v. Meiss,* 100 Cal. 268; *Tu-
lare Co. v. May,* 118 Cal. 303.)   The acts in question are local
and special, and based upon an arbitrary classification.   The
legislature cannot pass local or special laws, creating offices or
prescribing the powers and duties of county officers.   (Const.,

art. IV, secs. 9, 25, 33; *Desmond v. Dunn,* 55 Cal. 242; *Earle v. Board of Education,* 55 Cal. 489; *Ex parte Giambonini,* 117 Cal. 574; *Darcy v. Mayor etc.,* 104 Cal. 642; *Denman v. Broderick,* 111 Cal. 103, 104; *Dwyer v. Parker,* 115 Cal. 544; *Rauer v. Williams,* 118 Cal. 402.) The county government act must be construed harmoniously. (*Donlon v. Jewett,* 88 Cal. 530; *Langenour v. French,* 34 Cal. 92; *Appeal of Houghton,* 42 Cal. 35; *Quick v. White Water,* 7 Ind. 570); and cannot be construed as violating the constitutional provision in regard to the control of county funds. (Const., art. XI, sec. 13; *Tulare Co. v. May, supra; Dougherty v. Austin,* 94 Cal. 601.) If the county clerk chooses more deputies than those whose salaries are expressly provided for he must pay them out of his own salary. (County Government Act, sec. 216; *Farnum v. Warner,* 104 Cal. 679; *Tulare County v. May, supra.*)

Garret W. McEnerney, and Charles W. Slack, for Respondent.

The county clerk of San Francisco is a county officer in a county of the first class, under the County Government Act. (Stats. 1897, sec. 10, p. 453, sec. 157, p. 492; *Kahn v. Sutro,* 114 Cal. 316, 335; *Farnum v. Warner,* 104 Cal. 677, 678.) . Conceding, for the purposes of argument, that the acts of February 14, 1891, and of April 2, 1880, standing by themselves, are unconstitutional, yet the legislature may refer to an unconstitutional statute "to indicate its will in respect to a constitutional purpose." (*People v. Bircham,*12 Cal. 50, 55; *State v. Cincinnati,* 52 Ohio St. 419.) The legislature consequently might refer, and it did unquestionably refer, in the County Government Act, to these assumed unconstitutional statutes for the purpose of fixing the number and the amount of compensation of the deputies, clerks, and copyists of the county clerk.

A. L. Hart, and T. D. Riordan, Amici Curiae, also for Respondent.

HENSHAW, J.—This action was instituted to enjoin the auditor from allowing the demands of certain assistant register clerks and copyists appointed by the county clerk of the city and county of San Francisco. The auditor demurred to the petition, and his demurrer was sustained. The city and county de-

clined to amend, and a judgment of dismissal was entered. From that judgment this appeal is taken.

The principal question thus presented is not so much that of the power of the clerk to appoint as it is the duty of the city and county to pay the salaries of the appointees.

At the time when the present constitution took effect there were upon the statute books certain acts affecting the office of the county clerk of the city and county of San Francisco. These need not be particularized further than to state that they authorized the clerk to appoint certain deputy clerks, courtroom clerks, register clerks, assistant register clerks, record clerks, and copyists, with specified salaries for each, payable out of the treasury. Whatever may have been the effect of the present constitution upon these acts, it is conceded that the act of February 13, 1880 (Stats. 1880, p. 5), an act passed after the adoption of the present constitution, was a general act which revived and continued in force these earlier acts, and fixed the duties of the deputies and assistants appointed thereunder. Thereafter the legislature passed an act, entitled, "An act in relation to certain deputies (Stats. 1880, p. 20), section 1 of which provided: "In all cases in which by statutes in force on the thirty-first day of December, 1897, the county clerk of any city and county having over one hundred thousand inhabitants is authorized to appoint deputies, assistants, and copyists, in or in connection with the courts which are abolished by the constitution now in force, the county clerk may appoint four competent persons as such deputies, assistants, and copyists for each superior court, and where by law such superior court is entitled to more than one judge, he may appoint three persons as such deputies, assistants, and copyists for each additional judge; and such deputies, assistants, and copyists, so appointed, shall be entitled to the same compensation as is provided in said statutes, and the same shall be audited and paid at the same time and manner, and from the same sources, as is provided therein. He may also appoint such additional number of copyists as the duties of his office shall in his discretion from time to time require," et cetera. In 1891 the legislature passed an act amendatory to this last statute, entitled, "An act in relation to certain deputies, assistants, and copyists of county clerks, approved April 2, 1880." (Stats. 1891, p. 5.) This act was a re-enact-

ment of the act of 1880, saving that its operation was limited to every city and county or county having over one hundred and twenty thousand inhabitants, and it created the office of chief deputy clerk, at a salary of two hundred and fifty dollars per month.

It is not seriously questioned in this case but that these statutes last cited are in violation of the terms of the constitution, and void. Indeed, it cannot successfully be denied that such is the case. Section 5, article XI, of the constitution declares that "the legislature by general and uniform laws shall provide for the election or appointment in the several counties of boards of supervisors . . . . county clerks . . . . and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties, and fix their terms of office. Article IV, section 25, subdivision 28, of the constitution forbids the legislature from passing local or special laws "creating offices or prescribing the powers and duties of officers in counties, cities and counties, cities, township, election, or school districts." These acts are obnoxious to the constitution, then, in that they create offices and fix the duties of the officers in but one class of counties, which class is arbitrarily created and designated by population, notwithstanding the fact that the constitution declares that this shall be done only by general law, and that the counties of the state may be classified by population only for the purpose of fixing the compensation of their officers. (*Earl v. Board of Education,* 55 Cal. 489; *Rauer v. Williams,* 118 Cal. 401; see, also, *Farrell v. Trustees,* 85 Cal. 408.)

Notwithstanding the invalidity of these statutes, it is contended that the power to appoint these officers may be found in the County Government Act, itself admittedly a general law; that the County Government Act provides that in counties of the first class, to which San Francisco belongs, "the officers shall receive as compensation for the services required of them by law, or by virtue of their office, the salaries and fees fixed by law as compensation" (Stats. 1897, p. 188); and that reference may be had to these unconstitutional acts for the purpose of determining what salary is to be allowed (*People v. Bircham,* 12 Cal. 50; *State v. Cincinnati,* 52 Ohio St. 419). Section 61 of

the County Government Act is the section containing the authority which it is contended authorized these appointments. It is a general section and reads as follows: "Every county, township, or district officer, except a supervisor or judicial officer, may appoint as many deputies as may be necessary for the prompt and faithful discharge of the duties of his office. Such appointment must be made in writing and filed in the office of the county clerk, and until such appointment is so made and filed, and until such deputy shall have taken the oath of office, no one shall be or act as such deputy. (Stats. 1893, p. 367; Stats. 1897, sec. 59, p. 475.) This is certainly a grant of power from the legislature to the designated officers, authorizing them to appoint necessary deputies, but the question of the compensation of these deputies, when appointed, is quite a different matter. It does not follow, that because deputies may be appointed, their salaries must be paid by the county. It will not seriously be contended that this permission which the legislature has accorded is to be construed into a power placed in the hands of these officers to appoint deputies at will, and make their salaries a charge against the counties. Such a construction would result in a grievous interference with the county funds, and would come clearly within the purview of section 13, article XI, of the constitution, which prohibits the legislature from delegating "to any 'individual' any power to make, control, appropriate, supervise, or in any way interfere with any county, city, town, or municipal improvement, money, property, or effects, whether held in trust or otherwise." (*Dougherty v. Austin,* 94 Cal. 601; *Tulare County v. May,* 118 Cal. 303.)

The County Government Act, as the constitution ordains, classifies counties by population for the purpose of fixing the compensation of its officers. It declares in section 216 (Stats. 1893, p. 507; Stats. 1897, p. 215) that "The salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided; and all deputies employed shall be paid by their principals out of the salaries hereinbefore provided, unless in this act otherwise provided." As to the payment of these officers and their deputies, a two-

fold plan or scheme is provided by the act. In certain counties, as in counties of the first, second, third, fifth, and other classes, the county clerk is allowed a salary for himself, and is given a certain number of deputies at fixed salaries payable out of the county treasury. In counties of the fourth, seventh, eighth, tenth, and other classes the county clerk is allowed a fixed amount, out of which he is required to pay all deputies, as well as himself. By both of these systems a fixed and determinate amount only can be drawn from the treasury in payment of the salaries of the chief official and his deputies. Both of these salary schemes have been upheld. (*Farnum v. Warner*, 104 Cal. 679; *Tulare County v. May, supra.*) If this limitation were not imposed, and if the officers were allowed to appoint deputies at will, making their salaries a charge upon the treasury, the scheme itself would be in violation of the provisions of the constitution above quoted. (Const., art. XI, sec. 13.) But it is precisely this which it is contended that the county clerk of the city and county of San Francisco can do; that he may appoint at will such deputies and assistants as he deems necessary under the provisions of section 61 of the County Government Act, and these appointees in turn may compel payment of their salaries out of the county treasury. But this may not be done. The county clerk of the city and county of San Francisco by the act of February 13, 1880 (Stats. 1880, p. 5), is given a fixed salary, and is allowed a fixed number of deputies and assistants, whose compensation is a charge upon the treasury. He has the power under section 61 of the County Government Act to appoint additional deputies and assistants if the needs of his office so require, but in the present condition of the law the compensation of these extra assistants and deputies must be paid for by himself.

The judgment is, therefore, reversed, with directions to the trial court to overrule the auditor's demurrer.

Temple, J., Harrison, J., Garoutte, J., Van Dyke, J., and Beatty, C. J., concurred.

McFarland, J., dissented.

Rehearing denied.