[L. A. No. 1175.  Department Two.—February 28, 1902.]

## A. PRATT, Respondent, v. A. W. BROWNE, County Auditor, etc., Appellant.

OFFICIAL REPORTERS—SALARY—CONSTITUTIONAL LAW—CLASSIFICATION OF COUNTIES.—The legislature has no power to classify counties, except for the purpose of regulating the compensation of county officers, among which the official reporters of the superior court are not included, and its action in fixing the salary of official reporters in counties of the thirtieth class is unconstitutional and void.

ID.—SPECIAL AND LOCAL LEGISLATION.—The effect of the classification of counties of one class in fixing the salaries of official reporters is the same as if each county of that class were mentioned by name, and, not being founded on any natural or intrinsic or constitutional distinction, the legislation is special and local, in violation of the constitution.

ID.—TITLE OF ACT—VOID PROVISION.—The salary of official reporters is not included in or germane to the title of the act to create a "uniform system of county government," and the provision therefor is unconstitutional and invalid upon that ground.

APPEAL from a judgment of the Superior Court of Ventura County.  Carroll Cook, Judge, presiding.

The facts are stated in the opinion.

F. W. Ewing, for Appellant.

Orr & Slosson, for Respondent.

COOPER, C.—Appeal from judgment awarding writ of mandate.  Plaintiff is the official reporter of the superior court of Ventura County and defendant is the auditor of said county.

Plaintiff demanded of defendant warrants for his salary as reporter for each of the months from January, 1900, to March, 1901, inclusive, which warrants defendant refused.  It is conceded that the judgment is correct, if the act fixing the salary of the official reporter of Ventura County, which is a county of the thirtieth class, is constitutional as to such portion of the act.  It is provided in the County Government Act (Stats. 1897, p. 546) : "In counties of this class the official reporter of the superior court shall receive . . . a monthly salary of one

hundred dollars, payable out of the county treasury, at the same time and in the same manner as the salaries of county officers.'' The act is entitled ''An act to establish a uniform system of county and township governments.'' It is claimed that the portion of the act fixing the salary of the official reporter is unconstitutional, for the reasons,—1. That such subject is not expressed in the title of the act; and 2. That it is a special and local law regulating county business.

As the portion of the act fixing the salary of the reporter applies to counties of the thirtieth class—Ventura County—it will be necessary briefly to examine as to whether or not the legislature has the power to classify counties for the purpose of fixing the salary of official reporters of the courts. We find the power given to the legislature to classify counties in section 5 of article XI of the constitution, which provides: ''The legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers, in proportion to duties, and for this purpose may classify the counties by population.''

It is plain that the legislature is, by the terms of the above section, given the power to classify only for the purpose of regulating the compensation of ''such officers,''—that is, of the county officers therein named, or such other county, township, and municipal officers as may have been provided for by the legislature. The sole purpose of the classification provided for in the section is the regulation of the compensation of the officers in proportion to their duties. (*County of San Luis Obispo* v. *Graves,* 84 Cal. 75; *Turner* v. *County of Siskiyou,* 109 Cal. 334; *San Francisco* v. *Broderick,* 125 Cal. 193.)

Section 55 of the County Government Act in question provides: ''The officers of a county are a sheriff, a county clerk, a recorder, a license collector, a tax-collector, who shall be *ex officio* license collector, a district attorney, an assessor, a treasurer, a superintendent of schools, a public administrator, a coroner, a surveyor, the members of the board of supervisors, and such other officers as may be provided by law.'' There is no provision in the above section, nor elsewhere in the act, nor

is there any provision of law, making the official reporter of the superior court a county officer. By an amendment to section 274 of the Code of Civil Procedure, approved March 21, 1885, (Stats. 1885, p. 218,) the legislature attempted to recognize the official reporter of a superior court as an officer, and authorized the superior judges of the several counties to fix the monthly salary of such reporter or reporters at an amount not exceeding the maximum therein named. This act, as to the part of it authorizing the judge to fix the salary of the reporter, was held to be an attempt to delegate a legislative power to a judicial officer and void. (*Smith* v. *Strother,* 68 Cal. 194; *James* v. *McCann,* 93 Cal. 515; *Stevens* v. *Truman,* 127 Cal. 159.) The legislature, even if it has the power, has not created any such county office. (*Stevens* v. *Truman,* 127 Cal. 159.)

It therefore logically follows that, as there is no such county officer as official reporter of the superior court, the classification of counties is a false quantity in the solution of the question here. If the legislature had no power to classify, for the purpose of fixing the salary of the official reporter of the superior court, the fact that the act fixing the salary refers to counties of the thirtieth class does not change the result. It is the same as if Ventura County had been mentioned by name. No change of words or phrases, or calling Ventura County by another name, can change the result. The portion of the act in dispute must therefore be considered as an act fixing the salary of the reporter (whoever he may be) of Ventura County at the sum of one hundred dollars per month. It was said by this court in Bank, in *Marsh* v. *Supervisors,* 111 Cal. 370: "There can be no question that the act is local and special, since, by its terms, it is to 'apply to, take effect in, and be in force only in counties of the first and second classes,'—that is to say, San Francisco and Los Angeles,"—and in speaking of a classification for other purposes than those named in the constitution, the court said: "But the fact that these and the other counties of the state have been classified for a purpose which the constitution recognizes as a proper and necessary one, does not relieve a law relating to other and distinct matters from the objection that it is local and special, if, by its terms, it is limited in its application or operation to one or more classes of counties less than the whole."

A law applicable to one county, and not founded upon any natural, intrinsic, or constitutional distinction, and no reason appearing as to why the act is not made to apply generally to all classes, is special and local, and therefore unconstitutional. (*Rauer* v. *Williams*, 118 Cal. 403; *Darcy* v. *Mayor etc. San Jose*, 104 Cal. 643; *Dougherty* v. *Austin*, 94 Cal. 621; *Welsh* v. *Bramlet*, 98 Cal. 226; *City of Pasadena* v. *Stimson*, 91 Cal. 248.)

The portion of the act relating to the salary of the official reporter of Ventura County, when measured by the above tests, must fall. No reason appears why a special and local law should be applied to this county. In fact, we have a general statute on the subject of reporter's fees. (Act of April 1, 1880; Stats. 1880, p. 63, at p. 99.) This law is now in force. (*City of Los Angeles* v. *Pomeroy*, 124 Cal. 647; *Stevens* v. *Truman*, 127 Cal. 159.) What is here said is not in conflict with the rule in *Tulare County* v. *May*, 118 Cal. 308, and *Freeman* v. *Barnum*, 131 Cal. 388.[1] It was there held that certain provisions of the County Government Act of 1893, empowering certain county officers, in certain classes of counties, to appoint deputies, whose salaries are fixed by the act, and made payable out of the county treasury, was valid. These cases were decided upon the theory that, so far as the power to appoint deputies is concerned, the rule is general and uniform throughout the state, and all county officers are allowed to appoint deputies; that whether the deputies were paid by a lump sum first paid to the principal, and then repaid to the deputy, or by a salary paid to the deputy, it was paid out of the county treasury in either case; that it was competent for the legislature to provide either mode of payment of deputies appointed under general laws.

Another fatal defect in the portion of the act relating to the salary of the reporter is, that no such subject is expressed in its title. Section 24 of article IV of the constitution provides: "Every act shall embrace but one subject, which subject shall be expressed in its title." The subject of reporter's salary is certainly not expressed in the title of this act; neither is the subject germane to the "uniform system of county government." It certainly is not a part of the county government. It does not refer to any county officer, nor his deputies,

[1] 82 Am. St. Rep. 355.

nor to the duty of any such officer. The superior courts are state courts, provided for in the constitution (art. VI, sec. 6).

The legislature has authorized the judge of such court to appoint a phonographic reporter, to be known as the official reporter or reporters of such court, and to hold during the pleasure of the judge appointing him. He has no fixed term of office. He may not perform any services; or, in fact, the court may proceed without a phonographic reporter. They are regarded as official adjuncts to the court, and the laws relating to them pertain to the judicial system of the state, and are part and parcel of it. (*Ex parte Reis,* 64 Cal. 238.) They certainly are not part of the machinery of the county government. An attorney is required to take an oath, and he is an officer of the court, but he does not hold office in the sense of being an officer of the county. So the reporter, while in one sense an officer of the court, for the purpose of performing certain ministerial functions, is not an officer in the sense of a permanent tenure of office. A different reporter might be appointed at each session of court, and certainly one employed for a day, or for a few days, by order of the superior judge, is not an officer, in the sense of being entitled to a fixed salary.

We think the subject must be in some way indicated by the title of the act, or be logically germane to it and included within its scope. (*People* v. *Curry,* 130 Cal. 91; *In re Werner,* 129 Cal. 570; *Fatjo* v. *Pfister,* 117 Cal. 85; *City of Los Angeles* v. *Hance,* 122 Cal. 79; *Lewis* v. *Dunne,* 134 Cal. 291.)

It follows that the judgment should be reversed and the lower court directed to dismiss the petition.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the lower court directed to dismiss the petition.          McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.