[Civ. No. 2488. Second Appellate District.—December 19, 1917.]

## JAMES A. NOEL, Petitioner, v. WALTER A. LEWIS, as County Auditor, etc., Respondent.

SECRETARY OF SUPERIOR COURT—COUNTIES HAVING POPULATION OF THREE HUNDRED THOUSAND INHABITANTS—CONSTITUTIONALITY OF ACT OF 1909.—The act of the legislature providing for a secretary of the superior court in counties and cities and counties having a population of three hundred thousand inhabitants and over (Stats. 1909, p. 940), is not unconstitutional on the ground that its application is special and limited.

ID.—OFFICE NOT CREATED BY ACT OF 1909.—The act of the legislature of 1909 providing for a secretary of the superior court in counties and cities and counties having a population of three hundred thousand inhabitants and over does not create an office in violation of section 25, article IV, subdivision 28, of the constitution.

ID.—STATUS OF SECRETARY—RIGHT TO COMPENSATION FOR DUTIES AS JURY COMMISSIONER.—The secretary of the superior court is not an officer of the county or an attaché connected with a county office within the meaning of section 7½ of article XI of the constitution,

authorizing the framing of county charters, or within the meaning of the provisions of the county charter itself, and he is therefore entitled to the additional compensation provided by the act of 1917 for performance of the duties of jury commissioner, upon his appointment to the duties of such office.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel the issuance of a warrant for services performed by a secretary of the superior court as jury commissioner.

The facts are stated in the opinion of the court.

Allen W. Ashburn, for Petitioner.

A. J. Hill, County Counsel, and Edward T. Bishop, Deputy County Counsel, for Respondent.

JAMES, J.—Petitioner in this proceeding seeks a writ of mandate to compel the issuance to him of warrants in payment of compensation which he alleges is due him for services while acting as secretary for the judges of the superior court of Los Angeles County and for performing the duty of jury commissioner. Petitioner was appointed secretary of the superior court under an act which, in its amended form, is found in the Statutes of 1909, page 940. This act, in the portions material for consideration here, provides as follows: "In all counties, and cities and counties, having a population of three hundred thousand inhabitants and over, the judges of the superior court in such counties, and cities and counties, may appoint a secretary, who shall receive a salary of two hundred and fifty ($250) dollars per month, and hold office at their pleasure, and shall perform such duties as may be required of him by the court or the judges thereof. Said salary shall be audited, allowed, and paid out of the general fund of such counties, and cities and counties." The legislature in the year 1917 added certain new subdivisions to section 204 of the Code of Civil Procedure [Stats. 1917, p. 1169]. Section 204 of that code contains provisions relating to the making up of lists of grand and petit jurors. It provides generally that the selection of the persons to serve as such jurors shall be made by boards of supervisors, except that in

counties, and cities and counties, having more than one hundred thousand population the selection shall be made by a majority of the judges of the superior court. In the new subdivisions added by the act of 1917, it is provided that in counties, and cities and counties, where the judges of the superior court are required to make the selection of persons to serve as jurors, a jury commissioner may be appointed, who shall receive a salary of $350 per month, and hold office at the pleasure of a majority of the judges, and that his salary shall be audited, allowed, and paid out of the general fund of the county. Subdivision 204*e* provides that in such counties, or cities and counties, where there is a secretary of the superior judges, the majority of such judges in their discretion may require such secretary to perform the duties of jury commissioner, in addition to his regular duties as secretary, and the act provides: "In such case the salary of the secretary of the superior judges shall be $350 a month." Before the end of July, 1917, the superior court judges of Los Angeles County made an order requiring the secretary, petitioner here, to perform the duties of jury commissioner. The secretary had been regularly paid theretofore the salary of $250 per month, as fixed by the act first hereinbefore referred to. His contention is that, after the additional duties were imposed upon him, he was entitled to collect the additional one hundred dollars per month, as is provided to be paid by the act of 1917. He has continued to draw regularly down to the time of the filing of his petition his salary as secretary in the amount of $250, without waiving his right to enforce collection of the additional amount.

The question presented is, particularly, as to whether, as the county of Los Angeles is operating under a freeholders' charter, the matter of fixing the compensation of the secretary of the superior court is one which rests with the board of supervisors of the county, and as to whether that board has not the power to determine what the compensation shall be, regardless of the provisions of the statute on the subject. Preliminarily it should be stated that the board of supervisors, by ordinance adopted in November, 1915, did provide that the secretary of the superior court should receive a salary of $250 per month, the exact amount fixed by the statute. In September, 1917, by an amendatory ordinance, it was provided, among other things, that the secretary of the supe-

rior court should receive a salary of $350 per month. This ordinance did not take effect until about the 6th of October, 1917. Were it not for the fact that two months and a fraction of a month elapsed between the date of the order of the superior court imposing the duties of jury commissioner upon the secretary and the date of the taking effect of the last ordinance of the board of supervisors, this proceeding would probably not have been instituted. However that may be, the controversy is now here, and the contention of petitioner is that he is entitled to look wholly to the two statutes of the legislature in ascertaining the amount of his compensation and the manner of the payment thereof. Respondent's position is that the board of supervisors, acting with authority under the county charter, have both established the office of secretary of the superior court and provided for the compensation to be paid to such secretary. It is suggested further by respondent that the act of the legislature attempting to create the office of secretary of the superior court, when considered without reference to the question of the right of the supervisors to create such a position, is unconstitutional as being special legislation. Respondent's counsel argues that by that act an attempt is made to create an office in violation of section 25, article IV, subdivision 28, of the constitution of the state. Qualified by the objections noted, respondent makes the following express admission: "That it is competent for the legislature to provide for a jury commissioner who is an adjunct of the court; that it is competent for the legislature to provide that the judges or majority of the judges of the superior court may appoint a jury commissioner or secretary of the court, and that in the present case the power of appointment is lodged in the judges of the superior court, and not in the board of supervisors, nor in the civil service commission; that section 204 of the Code of Civil Procedure is valid." We do not think that the act providing for secretary of the superior court in counties, and cities and counties, having a population as fixed by the law, is unconstitutional on the ground that its application is special and limited. We do not think that the act creates an office within the meaning of the provision of the constitution cited by respondent. (*Pratt* v. *Browne,* 135 Cal. 649, [67 Pac. 1082]; *Stevens* v. *Truman,* 127 Cal. 155, [59 Pac. 397].) And we do not understand that respondent contends for any stronger

cause or reason against the validity of the provisions of section 204 of the Code of Civil Procedure, or the amendments made in 1917 thereto, which provide for the work to be done by a jury commissioner. The most important question presented in the argument is as to the effect of the power derived from the freeholders' charter adopted by the county of Los Angeles. Under the constitutional provisions authorizing the framing of such charters very complete authority is vested in the electors of the county to adopt charters which shall be comprehensive in controlling and regulating the matter of the appointment and compensation to be paid to the officers and attachés of counties. (See sec. 7½, art. XI, Cal. Const.) If the secretary of the superior court may be considered as an officer of the county or an attaché connected with a county office, then respondent's position is unassailable. We are of the opinion, however, first, as we have already stated, that the act of the legislature has not the effect of creating an office, and we are of the further opinion that the secretary of the superior court is not to be considered as an employee or attaché of a county office. Superior courts are a part of the judicial system of the state. Their process operates beyond the confines of the particular county in which the judges may have been elected, and the judges are authorized in particular contingencies to sit in any county of the state, interchangeably. The secretary, like the official reporter, becomes an adjunct of that system and one which the legislature, we do not doubt, has the right to provide for when it deems necessary. (*Nicholl* v. *Koster*, 157 Cal. 416, [108 Pac. 302].) Our attention is called to certain decisions rendered by this court referring to the application of the county charter in its control of officers acting within the county. *Gibson* v. *Civil Service Commission*, 27 Cal. App. 396, [150 Pac. 78], is a fair type of these cases. It was therein held that a probation officer was an officer whose appointment and compensation were regulated by the county charter provisions. That decision is not of particular application here, because the constitutional provision authorizing the framing of freeholders' charters in counties expressly named probation officers as among those which county charters should affect. So that the question as to whether a probation officer provided for by general statute should be considered as falling within the classification of "county officers" was not necessary to be

considered in the case above cited. The constitution in its provisions relating to the framing of county charters does not in any manner refer to the state judicial department. The Los Angeles County charter nowhere makes provision for a secretary of the superior court, although it does contain the general provision authorizing the board of supervisors to provide for attachés, clerks, assistants, deputies, etc., "to be employed from time to time in the several offices and institutions of the county, and for their compensation and the times at which they shall be appointed." We have already sufficiently indicated our view that the secretary of the superior court is not an officer or attaché of the county within the meaning of the constitutional provision authorizing the framing of county charters, and we may add, not within the meaning either of the provisions of the county charter itself. If these conclusions are correct, it follows that the petitioner here is entitled to the relief asked for.

Peremptory writ is ordered to be issued; petitioner to have his costs.

Conrey, P. J., and Shaw, J., concurred.