[L. A. No. 14204. In Bank.—October 3, 1933.]

AILEEN CHITWOOD, Petitioner, v. RAY T. HICKS, as County Auditor, etc., Respondent.

Sarau & Thompson and C. C. McFarland for Petitioner.

Earl Redwine, District Attorney, for Respondent.

THE COURT.—The sole issue in this proceeding is whether chapter 1199, Statutes of 1931, page 2512, is special legislation in violation of section 25, article IV, subdivision 33, of the Constitution, prohibiting the legislature from enacting local or special laws in cases where a general law can be made applicable.

This statute provides that in counties of the twelfth class, having more than one superior judge, there shall be appointed by each judge of said court a competent stenographer or secretary to assist said judge and fixes the salary for such position. Riverside County is a county of the twelfth class having two superior judges, and is the only county in the state belonging to that class.

In pursuance of the provisions of said statute, the petitioner was appointed by one of the superior judges of said county to the position designated in said act. The auditor of said county refuses to draw a warrant in her favor for her salary, and this proceeding was instituted to compel the respondent to draw such a warrant.

In *Pratt* v. *Browne,* 135 Cal. 649 [67 Pac. 1082], the validity of an act of the legislature purporting to fix the salary of the phonographic reporter of the superior court of counties of the thirtieth class was before this court. Ventura County was then a county of that class. The petitioner in said proceeding was the phonographic reporter of the superior court of that county, and upon the refusal of the respondent, the auditor of said county, to draw a warrant in petitioner's favor in payment of his salary as such reporter, the petitioner sought to compel the respondent to do so. In that case the court held that the position of phonographic reporter of the superior court was not a county office and, therefore, the legislature, under its power to classify counties for the purpose of fixing the compensation of county officers, could not classify them for the purpose of fixing the salary of an officer or employee who was not a county officer. No better answer to petitioner's contention in this proceeding can be made than is made by the following language of this court taken from the opinion of *Pratt* v. *Browne, supra,* at pages 651, 652: "It therefore logically follows that, as there is no such county officer as official reporter of the superior court, the classification of counties is a

false quantity in the solution° of the question here. If the legislature had no power to classify, for the purpose of fixing the salary of the official reporter of the superior court, the fact that the act fixing the salary refers to counties of the thirtieth class does not change the result. It is the same as if Ventura county had been mentioned by name. No change or words or phrases, or calling Ventura county by another name, can change the result. The portion of the act in dispute must therefore be considered as an act fixing the salary of the reporter (whoever he may be) of Ventura county at the sum of one hundred dollars per month. It was said by this court in bank, in *Marsh* v. *Hanly*, 111 Cal. 370 [43 Pac. 975] : 'There can be no question that the act is local and special, since, by its terms, it is to "apply to, take effect in, and be in force only in counties of the first and second classes,"—that is to say, San Francisco and Los Angeles,'—and in speaking of a classification for other purposes than those named in the Constitution, the court said : 'But the fact that these and the other counties of the state have been classified for a purpose which the Constitution recognizes as a proper and necessary one, does not relieve a law relating to other and distinct matters from the objection that it is local and special, if, by its terms, it is limited in its application or operation to one or more classes of counties less than the whole.'

 "A law applicable to one county, and not founded upon any natural, intrinsic, or constitutional distinction, and no reason appearing as to why the act is not made to apply generally to all classes, is special and local, and therefore unconstitutional. (*Rauer* v. *Williams*, 118 Cal. 403 [50 Pac. 691] ; *Darcy* v. *Mayor etc. of San Jose*, 104 Cal. 643 [38 Pac. 500] ; *Dougherty* v. *Austin*, 94 Cal. 621 [28 Pac. 834, 29 Pac. 1092, 16 L. R. A. 161] ; *Welsh* v. *Bramlet*, 98 Cal. 226 [33 Pac. 66] ; *City of Pasadena* v. *Stimson*, 91 Cal. 248 [27 Pac. 604].) The portion of the act relating to the salary of the official reporter of Ventura county, when measured by the above tests, must fall. No reason appears why a special and local law should be applied to this county. In fact, we have a general statute on the subject of reporter's fees."

By the statute now before us, the legislature not only attempted to fix the salary of a person holding a position not a county office, and one in no way connected with a county office, but also attempted to create the position itself. According to the rule announced in *Pratt* v. *Browne, supra,* it can do neither. There is no natural or intrinsic distinction between Riverside County and many of the other counties of the state which justified the legislature in singling out that county from all the other counties of the state and providing that the superior judges of that county should have clerical assistance in the discharge of their duties.

Petitioner relies upon the case of *Noel* v. *Lewis,* 35 Cal. App. 658 [170 Pac. 857, 858], in support of her claim that the statute in question is not vulnerable to attack upon constitutional grounds. There is a radical distinction between the act of the legislature considered by the court in that case and the statute which petitioner seeks to sustain. That case involved an act of the legislature creating the position of secretary of the superior court and made it applicable to "all counties and cities and counties, having a population of three hundred thousand and over". It is apparent that the legislature in that act did not single out any one county of the state and create in that county the position of secretary of the court without regard to the above provision of the Constitution limiting its powers in that regard. The act was made applicable to all counties and cities and counties of the state having a certain number of inhabitants or over. If perchance only one county of the state contained the requisite population required by said act, then there was a natural and intrinsic distinction between that county and all other counties of the state, which justified the legislature in making the statute applicable to such county only.

There can be no question that the business in the courts of the larger counties is more involved and complicated than in the smaller counties of the state. The former require a greater number of judges, and a proper correlation of the work of the various departments of the court requires not only additional clerical assistance, but assistance of a distinctive character and different from that employed in counties with only a limited number of judges. That population of a county is a natural and intrinsic distinction justifying a classification upon that ground is evidenced by the

Constitution itself, which makes the population of the various counties of the state the basis upon which the legislature may classify them for the purpose of fixing the salaries of county officers. The case of *Noel* v. *Lewis, supra,* is in no way in conflict with *Pratt* v. *Browne, supra,* and there is nothing in that case which sustains the position of the petitioner. We are not impressed with the argument that legislation of the type here involved may be sustained because it is contained in a separate statute rather than in a general County Government Act as was the case in *Pratt* v. *Browne, supra.* The constitutional inhibition against the enactment of local and special laws is general and inclusive, and is not limited to any particular mode of enactment. It might be well to add that the law regulating and governing counties which formerly formed the basis of the so-called County Government Act is now a part of the Political Code and that we no longer have in this state any separate statute known as the County Government Act.

The petition is denied and the alternative writ is discharged.

Shenk, J., dissented.